1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARIA MARTINEZ, on behalf
of her minor son, C.M.,

             Plaintiff,

      vs.

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.

) Case No. CV 13-1092-JPR
)
)
) MEMORANDUM OPINION AND ORDER
) REVERSING COMMISSIONER AND
) REMANDING FOR FURTHER
) PROCEEDINGS
)
)
)
)
)
)

**I.   PROCEEDINGS**

    Plaintiff C.M., though his mother, Maria Martinez, seeks
review of the Commissioner's final decision denying his
application for Supplemental Security Income ("SSI").  The
parties consented to the jurisdiction of the undersigned U.S.
Magistrate Judge under 28 U.S.C. § 636(c).  This matter is before
the Court on the parties' Joint Stipulation, filed February 21,
2014, which the Court has taken under submission without oral
argument.  For the reasons discussed below, the Commissioner's
decision is reversed and this action is remanded for further
proceedings.

1

## II.   BACKGROUND

Plaintiff was born on May 2, 2008.  (Administrative Record ("AR") 76.)  At the time of the hearing, he was a four-year-old preschooler.  (AR 310.)

On January 31, 2011, Plaintiff's mother filed an application for SSI on Plaintiff's behalf, alleging that he had been disabled because of "[d]evelopmental delay" since April 1, 2009.  (AR 37, 76, 101.)  After Plaintiff's application was denied, he requested a hearing before an Administrative Law Judge.  (AR 42.)

A hearing was held on September 27, 2012.  (AR 305–22.) Plaintiff's mother testified, but Plaintiff, who was represented by counsel, did not.  (Id.)  In a written decision issued September 28, 2012, the ALJ determined that Plaintiff was not disabled.  (AR 17–29.)  On November 30, 2012, Plaintiff requested that the Appeals Council review the ALJ's decision.  (AR 9.)  On December 21, 2012, the Appeals Council denied the request.  (AR 4–6.)  This action followed.

## III.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion.  Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance.

Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec.
Admin., 466 F.3d 880, 882 (9th Cir. 2006)).  To determine whether
substantial evidence supports a finding, the reviewing court
"must review the administrative record as a whole, weighing both
the evidence that supports and the evidence that detracts from
the Commissioner's conclusion."  Reddick v. Chater, 157 F.3d 715,
720 (9th Cir. 1996).  "If the evidence can reasonably support
either affirming or reversing," the reviewing court "may not
substitute its judgment" for that of the Commissioner.  Id. at
720-21.

**IV.  THE EVALUATION OF CHILDHOOD DISABILITY**

     "An individual under the age of 18 shall be considered
disabled . . . if that individual has a medically determinable
physical or mental impairment, which results in marked and severe
functional limitations, and which can be expected to result in
death or which has lasted or can be expected to last for a
continuous period of not less than 12 months."  42 U.S.C.
§ 1382c(a)(3)(C)(i); see also Howard ex rel. Wolff v. Barnhart,
341 F.3d 1006, 1013 (9th Cir. 2003).

     A.   The Three-Step Evaluation Process

     In determining eligibility for SSI based on a childhood
disability, the Commissioner follows a three-step evaluation
process.  20 C.F.R. § 416.924(a).

     In the first step, the Commissioner considers whether the
child has engaged in substantial gainful activity; if so, the
child is not disabled and the claim must be denied.
§ 416.924(b).  If the child is not engaged in substantial gainful
activity, the second step requires the Commissioner to consider

3

whether he has a "severe" impairment or combination of
impairments; if not, a finding of not disabled is made and the
claim must be denied.  § 416.924(c).  If the child has a "severe"
impairment or combination of impairments, the third step requires
the Commissioner to determine whether the impairment meets,
medically equals, or functionally equals an impairment in the
Listing of Impairments ("Listing") set forth at 20 C.F.R., Part
404, Subpart P, Appendix 1.  § 416.924(d).  If so and the
impairment also meets the duration requirement, the child is
disabled and benefits are awarded.  Id.

An impairment "meets" a listed impairment if it satisfies
all of the criteria described in the Listing.  § 416.925(c)(3).
An impairment "medically equals" a listed impairment "if it is at
least equal in severity and duration to the criteria of any
listed impairment."  § 416.926(a).

An impairment "functionally equals" a listed impairment if
it results in marked limitations in at least two of six
functional domains or an extreme limitation in at least one
domain.  § 416.926a(a).  The six functional domains are (1)
acquiring and using information; (2) attending and completing
tasks; (3) interacting with and relating to others; (4) moving
about and manipulating objects; (5) caring for oneself; and (6)
health and physical well-being.  § 416.926a(b)(1)(i)-(vi).  A
marked limitation "interferes seriously with [the child's]
ability to independently initiate, sustain, or complete
activities."  § 416.926a(e)(2).  An extreme limitation
"interferes very seriously" with those things.  § 416.926a(e)(3).

4

1     B.    <u>The ALJ's Application of the Three-Step Process</u>

2          At step one, the ALJ found that Plaintiff had not engaged in

3     substantial gainful activity since the application date.  (AR

4     20.)  At step two, the ALJ found that Plaintiff had the severe

5     impairments of "a relational problem, and defiant and disruptive

6     behavior disorders."  (<u>Id.</u>)  At step three, the ALJ found that

7     Plaintiff did not have an impairment or combination of

8     impairments that met or medically or functionally equaled one of

9     the Listings.  (<u>Id.</u>)  Specifically, the ALJ found that Plaintiff

10    had "significant but less than marked limitation" in four of the

11    six functional domains: acquiring and using information,

12    attending and completing tasks, interacting with and relating to

13    others, and caring for himself.  (AR 22-29.)  Plaintiff had "no

14    significant limitation" in two functional domains: moving about

15    and manipulating objects and overall health and physical well-

16    being.  (<u>Id.</u>)  Accordingly, the ALJ determined that Plaintiff was

17    not disabled.  (AR 29.)

18    **V.   DISCUSSION**

19         Plaintiff contends that the ALJ committed reversible error

20    by failing to (1) consult with a medical expert and (2) account

21    for Plaintiff's "cognition deficit" and "communication disorder."

22    (J. Stip. at 2.)

23         A.    <u>The ALJ Erred in Failing to Obtain a Complete Case</u>

24               <u>Evaluation</u>

25         Plaintiff contends that the ALJ erred by not making a

26    reasonable effort "to ensure that a qualified pediatrician or

27    other individual who specializes in a field of medicine

28    appropriate to the disability of the individual (as determined by

                                    5

1 the Commissioner of Social Security) evaluates the case of such
2 individual," as required by 42 U.S.C. § 1382c(a)(3)(I).  (J.
3 Stip. at 3-4.)  In Howard, the Ninth Circuit interpreted § 1382c,
4 holding that an ALJ could not rely on physicians' individual
5 evaluations and reports but was "required to make a reasonable
6 effort to obtain a case evaluation, based on the record in its
7 entirety, from a pediatrician or other appropriate specialist,
8 rather than simply constructing his own case evaluation from the
9 evidence in the record."  341 F.3d at 1014.

10     In response to Howard, the Social Security Administration
11 issued Social Security Acquiescence Ruling 04-1(9), 69 Fed. Reg.
12 22578 (Apr. 26, 2004).  The ruling states that under Howard, an
13 ALJ may rely on a "case evaluation made by a State agency medical
14 or psychological consultant that is already in the record" or
15 "the testimony of a medical expert."  69 Fed. Reg. at 22580.
16 Moreover, "[w]hen the ALJ relies on the case evaluation made by a
17 State agency medical or psychological consultant, the record must
18 include the evidence of the [consultant's] qualifications," and
19 the ALJ "must ensure that the decision explains how the . . .
20 consultant's evaluation was considered."  Id.

21     As thorough as the ALJ's decision was and although it
22 appears to have been supported by substantial evidence, remand is
23 necessary because the ALJ erred by failing to secure a complete
24 case evaluation from an appropriate specialist based on the
25 record in its entirety.  See Vega ex rel. J.G. v. Astrue, No. ED
26 CV 11-769-SP, 2012 WL 1144407, at *5 (C.D. Cal. Apr. 2, 2012)
27 (remanding for compliance with Howard even though substantial
28 evidence supported ALJ's decision).  Indeed, the ALJ never

1   mentioned <u>Howard</u> or Ruling 04-01(9) in his decision, nor did he

2   cite any medical opinion that satisfied its requirements.  (<u>See</u>

3   AR 17-29); 69 Fed. Reg. at 22580.

4        The Commissioner contends that the ALJ satisfied <u>Howard</u> and

5   Ruling 04-01(9) because psychiatrist L.O. Mallare "evaluated the

6   medical evidence of record and concluded that Plaintiff had less

7   than marked limitations in the areas of acquiring and using

8   information, and attending and completing tasks" and "no

9   limitations in the other areas of function."  (J. Stip. at 4-5;

10  <u>see also</u> AR 34 (Dr. Mallare's opinion).)  But as the Commissioner

11  acknowledges, "the ALJ did not expressly address Dr. Mallare's

12  assessment" (J. Stip. at 5; <u>see</u> AR 17-29); as such, it cannot

13  satisfy <u>Howard</u>'s mandate that the ALJ consider a complete case

14  evaluation from an appropriate specialist.  <u>See</u> <u>Howard</u>, 341 F.3d

15  at 1014 (remand appropriate even though state-agency doctors

16  evaluated case, in part because "ALJ did not consider these

17  evaluations in making his decision"); <u>see also</u> 69 Fed. Reg. at

18  22580 (when relying on medical-consultant evaluation, ALJ "must

19  ensure that the decision explains how the . . . consultant's

20  evaluation was considered").  In any event, Dr. Mallare

21  necessarily failed to evaluate Plaintiff based on the "record in

22  its entirety" because he wrote his report in August 2011, more

23  than a year before the hearing, and did not take into

24  consideration any evidence Plaintiff submitted after that.  <u>See</u>

25  <u>Willmett ex rel. A.P. v. Astrue</u>, No. 2:10-cv-01201-KJN, 2011 WL

26  3816284, at *4 (E.D. Cal. Aug. 25, 2011) (noting that ALJ never

27  mentioned <u>Howard</u> or acquiescence ruling in decision and remanding

28  because, among other reasons, state-agency evaluators necessarily

never saw some record evidence).  Some of this evidence was
clearly not material and would not have changed Dr. Mallare's
opinion, but the Court cannot say that about all of it.  For
instance, after Dr. Mallare wrote his opinion, Plaintiff
submitted records from the Los Angeles Child Guidance Clinic (AR
224), including a May 2011 assessment by two therapists
diagnosing Plaintiff with "Negative/Defiant" disorder and
"Disruptive Behavior Disorder" (AR 237).  In an August 2012
transfer summary, Plaintiff's therapists noted that he had made
"tremendous progress" in treatment and was being transferred to a
"lower level of care," but he "continue[d] to present with
concerns with his defiance, tantrums, and aggression in the
community towards his mother and sibling." (AR 241.)  His
diagnosis was listed as "disruptive behavior disorder." (Id.)
In August 2012, Plaintiff's pediatrician, Dr. Jonathan Adhami,
completed medical-statement forms opining that Plaintiff had a
"mental illness" and "extreme" limitations in all functional
areas, including acquiring and using information, attending and
completing tasks, interacting and relating with others, moving
about and manipulating objects, and caring for himself. (AR 220-
23, 295-96.)  Although the ALJ reasonably discredited Dr.
Adhami's opinion (AR 23), it was nevertheless in the record and
should have been reviewed by a state-agency psychiatrist or
medical expert as part of the record in its entirety.  See Godwin
ex rel. V.E. v. Comm'r of Soc. Sec., CV 09-482-PHX-MHM, 2010 WL
1337745, at *4 (D. Ariz. Mar. 31, 2010) (Murguia, D.J.) (noting
that "while it is true that the ALJ did not give much weight to
the medical examinations conducted by [certain doctors], that

8

medical evidence was nonetheless in the record" and under <u>Howard</u>
should have been considered as part of "case-wide evaluations" by
state agency doctors); <u>Robinson v. Astrue</u>, No. CIV-S-08-2296-DAD,
2010 WL 3733993, at *4 (E.D. Cal. Sept. 21, 2010) (remanding
because to extent ALJ relied on state-agency psychiatrists'
evaluations, they were prepared two years before hearing and
doctors did not consider evidence developed in those two years).
Accordingly, this matter must be remanded so that <u>Howard</u> may be
complied with.[1]

    B.   <u>Remaining Issue</u>

    Plaintiff asserts that the ALJ erred by failing to account
for Plaintiff's "cognition deficit" and "communication disorder."
(J. Stip. at 8-12.)  Because the Court finds that the ALJ erred
in failing to obtain a complete case evaluation, it is not
necessary for it to address that argument.  <u>See</u> <u>Vega</u>, 2012 WL
1144407, at *6 (finding it unnecessary to address additional
disputed issue in light of remand for compliance with <u>Howard</u>).
On remand, the ALJ will necessarily reevaluate Plaintiff's
impairments after obtaining a complete case evaluation.

---

    [1]In <u>Howard</u>, unlike here, the claimant requested that a
medical expert testify at the hearing and the ALJ declined.  341
F.3d at 1010-11, 1014 n.2.  Still, it is an ALJ's obligation to
ensure that § 1382c(a)(3) is followed.  <u>See</u> <u>id.</u> at 1014 & n.2
(interpreting statute to require ALJ "to make a reasonable effort
to obtain a case evaluation, based on the record in its entirety,
from a pediatrician or other appropriate specialist, rather than
simply constructing his own case evaluation from the evidence in
the record," and noting "distinction" between having expert
evaluate claimant based on expert's "particular specialty, and
having an expert evaluate a claimant's case in its entirety").

**VI.   CONCLUSION**

When error exists in an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (per curiam) (internal quotation marks omitted); <u>Moisa v. Barnhart</u>, 367 F.3d 882, 886 (9th Cir. 2004).   Accordingly, remand, not an award of benefits, is the proper course in this case.   <u>See</u> <u>Strauss v. Comm'r of Soc. Sec. Admin.</u>, 635 F.3d 1135, 1136, 1138 (9th Cir. 2011) (remand for automatic payment of benefits inappropriate unless evidence unequivocally establishes disability).   As noted above, on remand, the ALJ should obtain a complete case evaluation from an appropriate specialist and reassess Plaintiff's impairments in light of that evaluation.

<u>**ORDER**</u>

Accordingly, **IT IS HEREBY ORDERED** that (1) the decision of the Commissioner is REVERSED; (2) Plaintiff's request for remand is GRANTED; and (3) this action is REMANDED for further proceedings consistent with this Memorandum Opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment on all parties or their counsel.

DATED: June 11, 2014

_____
JEAN ROSENBLUTH
U.S. Magistrate Judge

10